Filed 2/23/15  Jimenez v. Cal. Hwy. Patrol CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| GABRIEL JIMENEZ, a Minor, etc., et al.,<br><br>Plaintiffs and Appellants,<br><br>v.<br><br>CALIFORNIA HIGHWAY PATROL et al.,<br><br>Defendants and Respondents. | D064467<br><br><br>(Super. Ct. No.<br> 37-2009-00051612-CU-PO-NC) |

APPEAL from a judgment of the Superior Court of San Diego County, Earl H. Maas, III. Judge.  Affirmed.

Sayre & Levitt, Adam L. Salamoff, Federico C. Sayre; Treyzon & Associates and Federico C. Sayre for Plaintiffs and Appellants.

Kamala D. Harris, Attorney General, Kristen G. Hogue, Senior Assistant Attorney General, Richard E. Wolfe and David F. Taglienti, Deputy Attorneys General, for Defendants and Respondents.

I.

INTRODUCTION

Gabriel Jimenez (Gabriel), a minor, was struck by a motor vehicle and severely injured as he was standing on the side of the highway behind a disabled vehicle in which he had been travelling. Moments before the accident, California Highway Patrol Officer J. V. Shelter made contact with Gabriel and told Gabriel that he was going to check on another vehicle that was parked on the shoulder approximately 15 feet in front of Gabriel's vehicle, and that he would be right back.

Gabriel, his mother Maria, and sister Lilia (collectively appellants), sued Officer Shelter and the California Highway Patrol (respondents). In their first amended complaint, each appellant alleged a separate cause of action for negligence against respondents.[1] Respondents moved for summary judgment on the ground that Officer Shelter did not owe appellants a legal duty of care. In the alternative, respondents sought summary judgment on the ground that they were immune from liability pursuant to Government Code sections 820.2, 820.25 and 815.2, subdivision (b).[2]

---

[1]     Maria and Lilia's claims were styled as claims for negligent infliction of emotional distress.

[2]     Unless otherwise specified, all subsequent statutory references are to the Government Code.
        Where applicable, section 820.25, in conjunction with section 820.2, renders a peace officer immune for injuries resulting from the officer's act in rendering assistance to motorists or leaving the scene after rending assistance. The statute was enacted by the

2

The trial court granted the motion for summary judgment on both grounds.[3] Specifically, the trial court ruled that appellants failed to establish that Officer Shelter owed appellants a legal duty of care, and also ruled that respondents were statutorily immune from liability.

In their opening brief, appellants address only the trial court's ruling that Officer Shelter owed appellants no legal duty of care, and fail to address the trial court's conclusion that respondents were entitled to summary judgment on the ground that they are statutorily immune from liability. By failing to raise any argument with respect to one of the two alternative grounds on which the trial court granted summary judgment, appellants are foreclosed from obtaining reversal of the trial court's judgment. (See e.g., *Christoff v. Union Pacific Railroad Co.* (2005) 134 Cal.App.4th 118, 125-126 (*Christoff*) [where appellant fails to present any argument on issue providing independent ground for summary judgment, appellate court may affirm summary judgment on this basis alone].) Accordingly, we affirm the summary judgment.

_____

Legislature to "provide officers with flexibility in assisting stranded motorists." (*Minch v. Department of California Highway Patrol* (2006) 140 Cal.App.4th 895, 904.)

Section 815.2 provides generally that a public entity is not liable for an injury resulting from an act or omission of its employee if the employee himself is immune from liability.

[3] Appellants failed to include the trial court's summary judgment order in the record on appeal. While this appeal was pending, we augmented the record to include the trial court's summary judgment order. (See Cal. Rules of Court, rule 8.155(a)(1)(A); see, e.g., *McCarthy v. Mobile Cranes, Inc.* (1962) 199 Cal.App.2d 500, 501–503 [ordering clerk's file sent up when appellant provided inadequate record].)

II.

FACTUAL AND PROCEDURAL BACKGROUND

A.    *The accident*[4]

On November 30, 2007, Lilia was driving Maria, Gabriel, and Lilia's two-year-old daughter south on Interstate 15.  Appellants' car began to shake and Lilia pulled over onto an undeveloped dirt area next to the highway.  Appellants noticed another vehicle (a Ford Focus) stopped on the shoulder approximately two car lengths ahead of them.  Gabriel and Maria got out of the car, and Gabriel noticed that the right rear tire of their car was partially flat.

At approximately the same time, Officer Shelter, who was driving in a patrol car, noticed the two vehicles.  As Officer Shelter got closer, he noticed that the Focus was damaged and appeared to have been involved in an accident.  Officer Shelter positioned his vehicle adjacent to appellants' vehicle, such that the right rear door of the patrol car was directly across from appellants' left front bumper.

Officer Shelter lowered his right passenger window and asked if everyone was okay.  Gabriel walked over to the patrol car and told Officer Shelter that they were okay.  Officer Shelter asked if they had been in an accident with the Focus.  Gabriel responded, "No."  Officer Shelter then asked Gabriel what he was going to do.  Gabriel responded that he was uncertain because he did not have any "lights."  Officer Shelter told Gabriel

---

4    Because appellants' appeal pertains to an order granting summary judgment in favor of respondents, we state the evidence in the light most favorable to appellants.  (See *Aguilar v. Atlantic Richfield Co.* (2001) 25 Cal.4th 826, 844–845.)

4

that he was going to check on the Focus, and that he would be right back. Officer Shelter also stated that when he returned, he would position his patrol car behind appellants' car and shine his headlights on the back of the car so that Gabriel could "do the work." Before leaving, Officer Shelter told Gabriel that he would protect appellants.

Gabriel replied that he would "look for tools." As Officer Shelter pulled forward to check on the Focus, Gabriel went to the trunk of appellants' car to get some tools. Seconds later, a vehicle spun out of control and slid into the rear of appellants' car, pinning Gabriel between the cars and severely injuring him.

B. *The operative first amended complaint*

In March 2009, appellants filed a first amended complaint against respondents. Gabriel brought a negligence claim against respondents in which he alleged that respondents owed him a duty of care while "patrolling state highways and investigating stopped vehicles on the shoulder of the highways." Gabriel also alleged that Officer Shelter had created a "special relationship" by contacting Gabriel, that Officer Shelter had breached his duty to protect Gabriel just prior to the accident, and that this breach had caused Gabriel to suffer serious personal injuries. Maria and Lilia each brought claims of negligent infliction of emotional distress based on Officer Shelter's allegedly negligent conduct that caused Gabriel to suffer severe and permanent injuries while Maria and Lilia were present and aware that Gabriel was being injured.

5

C.      *Respondents' motion for summary judgment*

In March 2013, respondents filed a motion for summary judgment. In their motion, respondents argued that Gabriel's negligence claim failed as a matter of law because no special relationship existed between Gabriel and Officer Shelter that would give rise to a duty of care under controlling law. Respondents argued that Maria and Lilia's claims failed because any emotional distress that they suffered was not caused by having observed a "negligently inflicted" injury to Gabriel. Respondents also claimed that they were statutorily immune from appellants' claims pursuant to sections 820.25, and 820.2 and 815.2, subdivision (b).

D.      *Appellants' opposition*

Appellants filed an opposition in which they argued that a special relationship existed between Gabriel and Officer Shelter that gave rise to a duty of care on the part of Officer Shelter. Appellants further argued that Officer Shelter breached that duty of care by failing to follow standard police procedures in assisting a disabled motorist. In addition, appellants argued that Officer Shelter was subject to a heightened duty of care because Gabriel was a minor. Appellants further argued that respondents were not entitled to judgment as a matter of law on Maria and Lilia's negligent infliction of emotional distress claims in light of Officer Shelter's negligent conduct with respect to Gabriel. Finally, appellants argued, "The existence of a legal duty created by the 'special relationship' precludes [respondents'] defense of immunity from liability for the subject accident."

6

E.    *The trial court's ruling granting summary judgment and appellants' appeal*

After further briefing,[5] the trial court held a hearing, and granted the motion.[6]  In its minute order granting summary judgment, the trial court ruled that appellants failed to establish that Officer Shelter owed appellants a legal duty of care.  The court also ruled that respondents are statutorily immune from liability.  In its order granting summary judgment, the court stated in part:

> "[Appellants] have failed to establish the existence of a special relationship between the officer and [appellants] such as would give rise to a legal duty of care. . . .  [¶]  Further [respondents] are immune from liability pursuant to Government Code [sections] 820.25 and 815.2[, subdivision] (b)."

Shortly thereafter, the trial court entered judgment in favor of respondents.

Appellants timely appealed from the judgment.

III.

DISCUSSION

*Appellants' failure to raise any argument with respect to one of the two alternative grounds on which the trial court granted summary judgment precludes appellants from obtaining reversal of the trial court's judgment*

Appellants contend that the trial court erred in granting summary judgment in favor of respondents.  However, appellants present no argument with respect to the trial court's conclusion that respondents were entitled to summary judgment on the ground

---

5    In a reply brief, respondents noted that, in their opposition, appellants failed to address, in any fashion, section 820.25, which respondents noted was the "predominant immunity statute at play . . . ."

6    There is no transcript of the hearing in the record.

7

that they are statutorily immune from liability.[7]  Under these circumstances, appellants are precluded from obtaining reversal of the judgment.

A.     *Relevant summary judgment law*

A moving party is entitled to summary judgment when the party establishes that it is entitled to the entry of judgment as a matter of law.  (Code Civ. Proc., § 437c, subd. (c).)  A defendant may make this showing by demonstrating that the defendant has a complete defense to each cause of action.  (*Towns v. Davidson* (2007) 147 Cal.App.4th 461, 466.)

This court reviews an order granting a motion for summary judgment de novo. (See, e.g., *Jones v. Wachovia Bank*  (2014) 230 Cal.App.4th 935, 945.)

B.     *Relevant immunity law*

Respondents moved for summary judgment on the ground that Officer Shelter was immune from liability based on sections 820.25 and 820.2.

Section 820.25, subdivision (a) provides in relevant part:

> "(a) For purposes of Section 820.2, the decision of a peace officer . . . or a state or local law enforcement official, to render assistance to a motorist who has not been involved in an accident or to leave the scene after rendering assistance, upon learning of a reasonably apparent emergency requiring his immediate attention elsewhere or upon instructions from a superior to assume duties elsewhere, shall be deemed an exercise of discretion."

---

[7]     Appellants' brief addresses only the trial court's conclusion that respondents were entitled to summary judgment on the ground that Officer Shelter did not owe appellants a legal duty of care.

Section 820.2, provides: "Except as otherwise provided by statute, a public employee is not liable for an injury resulting from his act or omission where the act or omission was the result of the exercise of the discretion vested in him, whether or not such discretion be abused."

Respondents contended that because Officer Shelter was immune from liability, his employer, the California Highway Patrol, was also immune from liability under section 815.2, subdivision (b). Section 815.2, subdivision (b) provides, "Except as otherwise provided by statute, a public entity is not liable for an injury resulting from an act or omission of an employee of the public entity where the employee is immune from liability."

C.    *The presumption of correctness*

"As with any civil appeal, we must presume the judgment is correct, indulge every intendment and presumption in favor of its correctness, and start with the presumption that the record contains evidence sufficient to support the judgment." (*Steele v. Youthful Offender Parole Bd.* (2008) 162 Cal.App.4th 1241, 1251.)

" 'Issues do not have a life of their own: If they are not raised or supported by argument or citation to authority, [they are] . . . waived.' [Citation.] It is not our place to construct theories or arguments to undermine the judgment and defeat the presumption of correctness. When an appellant fails to raise a point, or asserts it but fails to support it with reasoned argument and citations to authority, we treat the point as waived.' " (*Benach v. County of Los Angeles* (2007) 149 Cal.App.4th 836, 852.)

9

This same burden applies even to appellate claims that are subject to the de novo standard of review, such as an order granting summary judgment. " 'On review of a summary judgment, the appellant has the burden of showing error, even if he did not bear the burden in the trial court. [Citation.] . . . "[D]e novo review does not obligate us to cull the record for the benefit of the appellant in order to attempt to uncover the requisite triable issues. As with an appeal from any judgment, it is the appellant's responsibility to affirmatively demonstrate error and, therefore, to point out the triable issues the appellant claims are present by citation to the record and any supporting authority. In other words, review is limited to issues which have been adequately raised and briefed." ' " (*Bains v. Moores* (2009) 172 Cal.App.4th 445, 455.)

Further, where an appellant seeking reversal of a summary judgment fails to present any argument on an issue that provides an independent ground for summary judgment, the appellate court may presume the judgment is correct and may affirm summary judgment on this basis alone. (See, e.g., *Christoff, supra*, 134 Cal.App.4th at pp. 125-126.) In *Christoff*, a defendant moved for summary judgment on the ground that there was no evidence that it had caused plaintiff's injuries. (*Id*. at p. 125.) The trial court determined that defendant's conduct was not a legal cause of plaintiff's injuries. (*Ibid*.) On appeal, plaintiff did not present any argument on the issue of causation. (*Ibid*.) The *Christoff* court concluded that the plaintiff had forfeited any challenge to the summary judgment insofar as it was based on lack of causation. (*Ibid*.) The Court of Appeal further reasoned that because the trial court's ruling on causation "disposes of the

10

entire complaint," the appellant's failure to challenge this ruling "suffices to affirm summary judgment in favor of defendant." (*Id*. at p. 126.)

D.      *Application*

In their opening brief, appellants fail to state that respondents moved for summary judgment on the ground that they were statutorily immune from appellants' claim, fail to acknowledge that the trial court granted the motion on this additional ground, and fail to present any argument seeking reversal of the court's order on this ground.[8]  Further, after respondents noted in their brief that appellants had failed to address the immunity ground in their opening brief and argued that this omission was "fatal," appellants did not file a reply brief.

We are not obligated to cull the record, research relevant authority, and, unassisted by appellants, develop an argument to challenge the trial court's conclusion that respondents are immune from suit.  Having failed to discuss the trial court's ruling granting respondents' motion for summary judgment on the ground that respondents are immune from suit, appellants have forfeited any claim that the trial court erred in this respect.  (*Christoff, supra*, 134 Cal.App.4th at p. 125.)  Further, because the trial court's ruling that respondents are statutorily immune provides a complete defense to appellants' complaint, appellants' failure to challenge this ruling on appeal prevents them from obtaining reversal of the summary judgment.  (See *id.* at p. 126.)

_____

[8]      As noted previously (see fn. 3, *ante*), appellants failed to include the trial court's order granting summary judgment in the record.

Accordingly, we conclude that appellants have failed to establish that the trial court erred in granting summary judgment in favor of respondents.

IV.

DISPOSITION

The judgment is affirmed. Appellants are to bear costs on appeal.

AARON, J.

WE CONCUR:

McCONNELL, P. J.

O'ROURKE, J.